UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
DANIEL A. NIX,                    )
                                  )   No. C07-2054RSL
                Plaintiff,        )
     v.                           )
                                  )   ORDER DENYING PLAINTIFF'S
TONY TODD, *et al.*,              )   MOTION FOR TEMPORARY
                                  )   RESTRAINING ORDER
                Defendants.       )
_____)

## I. INTRODUCTION

This matter comes before the Court on *pro se* plaintiff's ex parte "Petition in the Nature of a Motion for Temporary Restraining Order" (Dkt. #2). For the reasons set forth below, the Court denies plaintiff's motion.

## II. DISCUSSION

**A.    Background**

Although plaintiff's motion is not a model of clarity, the Court construes it liberally consistent with the instructions of the Supreme Court. See, e.g., Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982)).

ORDER DENYING PLAINTIFF'S
MOTION FOR TEMPORARY
RESTRAINING ORDER

1  In his motion, plaintiff:

2  [R]equests the Court sign a TEMPORARY RESTRAINING ORDER, restraining THE STATE OF WASHINGTON DEPARTMENT OF REVENUE,
3  WATERMARK CREDIT UNION and the INTERNAL REVENUE SERVICE from any and ALL collection procedures, any further contact with Petitioner's
4  clients, Petitioner's bank accounts and property of any kind and allowing Petitioner to resume normal banking activities without collection procedures
5  pending the Court's decision on the Petition for Declaratory Judgment and Record, UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF
6  WASHINGTON CASE #C07-2054.

7  Motion at 4 (emphasis in original).  Plaintiff also contends that "[t]his temporary restraining

8  order should issue without written or oral notice to the adverse party or that party's attorney."

9  Motion at 2.[1]

10  **B.   Analysis**

11  Under Fed. R. Civ. P. 65(b)(1):

12  The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney <u>only if</u>:
13  (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before
14  the adverse party can be heard in opposition; and
(B) <u>the movant's attorney certifies in writing any efforts made to give notice and
15  the reasons why it should not be required</u>.

16  Id. (emphasis added).  The Supreme Court has been clear as to why it is necessary for ex parte

17  injunctive relief to be granted sparingly:  "The stringent restrictions imposed . . . by Rule 65, on

18  the availability of *ex parte* temporary restraining orders reflect the fact that our entire

19  jurisprudence runs counter to the notion of court action taken before reasonable notice and an

20  opportunity to be heard has been granted both sides of a dispute."  Granny Goose Foods, Inc. v.

21  Brotherhood of Teamsters, 415 U.S. 423, 438-39 (1974).  Because of the stringent restrictions

22  imposed by Rule 65(b), courts have generally confined ex parte injunctive relief to two

23

24
   [1] The Court also notes that there is no indication that plaintiff has served defendants with a
25  summons and copy of the complaint.

26  ORDER DENYING PLAINTIFF'S
    MOTION FOR TEMPORARY
    RESTRAINING ORDER                    -2-

situations. See Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006). First, a plaintiff may obtain ex parte relief where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing. Id. Second, courts have recognized a "very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action." Id. (quoting Am. Can Co. v. Mansukhani, 742 F.2d 314, 322 (7th Cir. 1984)).

Plaintiff here does not allege that defendant cannot be located. To the contrary, in the caption of his motion, plaintiff includes the address of each named defendant. See Motion at 1. Nor does plaintiff give any reason why notice to the defendants would render fruitless the further prosecution of the action. In support of his lack of notice to defendants, plaintiff simply recites part of the standard under Fed. R. Civ. P. 65(b)(1)(A), stating that he "is in danger of suffering immediate and irreparable injury, loss and damage[.]" See Motion at 2-3. If plaintiff's assertions were "sufficient to meet the dictates of Rule 65, then ex parte orders without notice would be the norm and this practice would essentially gut Rule 65's notice requirements." Reno Air Racing Ass'n, Inc., 452 F.3d at 11332. Accordingly, plaintiff's motion for a temporary restraining order fails under Fed. R. Civ. P. 65(b) because he has not certified any efforts made to give notice and the reasons why it should not be required.

### III. CONCLUSION

For all of the foregoing reasons, plaintiff's "Petition in the Nature of a Motion for Temporary Restraining Order" (Dkt. #2) is DENIED.

DATED this 22nd day of January, 2008.

*MW S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S
MOTION FOR TEMPORARY
RESTRAINING ORDER                    -3-